CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for D'ville
MAR 02 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WAYNE E. HAILEY, | ) | CASE NO. 4:06CV00039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security[1], | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 12, 2003 protectively filed claim for supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

In a decision dated May 26, 2005, a Law Judge found that plaintiff's chronic obstructive pulmonary disease, osteoarthritis, and history of degenerative disease constituted severe

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

impairments but did not meet or equal any listed impairment, and plaintiff retained the residual functional capacity to perform a wide range of light work. (R. 38-42.) The Law Judge ultimately found that although he could not return to his past relevant work, jobs existed in the national economy that plaintiff could perform. (R. 41-43.)

Plaintiff appealed the Law Judge's May 26, 2005 decision to the Appeals Council. (R. 75-76.) The Appeals Council found that a mental status examination performed by Samuel J. Fletcher, Ph.D. on May 26, 2005 constituted new and material evidence warranting remand. (R. 75.) The Appeals Council vacated the Law Judge's decision and remanded the case to allow for exploration of a mental impairment. (R. 17, 75-76.)

A supplemental hearing was held on April 19, 2006. (R. 17, 300-319.) In the May 3, 2006 decision, the Law Judge found that plaintiff had not engaged in substantial gainful activity[2] since his alleged date of disability onset, June 27, 2003. (R. 19.) The Law Judge further found that plaintiff has the following severe impairments: impairments affecting his back, right hip, right shoulder, and lungs; an anxiety disorder; an alcohol abuse disorder NOS, including a history of binge drinking; and an antisocial personality disorder. (*Id.*) The Law Judge determined that these impairments, viewed individually or collectively, were not severe enough to meet or equal any listed impairment. (R. 20.) The Law Judge was of the view that plaintiff's impairments could reasonably be expected to produce the alleged symptoms; however, his allegations concerning the intensity, duration, and limiting effects of these symptoms were "not entirely credible." (R. 21.) The Law Judge found that plaintiff retained the residual functional capacity

---

[2]The Law Judge noted that although plaintiff worked a few days a week at a grocery store and collected cans from the side of the highway, he had not engaged in substantial gainful activity. (R. 19.)

2

to lift 25 pounds occasionally and should avoid fumes, odors, chemicals, and gases. (R. 20.) The Law Judge further found that plaintiff had mental limitations of function based on his anxiety disorder NOS, a history of binge drinking, and a GAF of 60. (*Id.*) The Law Judge also found that plaintiff was moderately limited in his ability to (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) interact appropriately with the public, (4) interact appropriately with supervisors, (5) interact appropriately with coworkers, (6) respond appropriately to work pressures in a usual work setting, and (7) respond appropriately to changes in a routine work setting. (*Id.*) The Law Judge determined that plaintiff was slightly limited in his ability to (1) understand and remember short simple instructions, (2) carry out short simple instructions, and (3) make judgments on simple work-related decisions.[3] (*Id.*) The Law Judge also concluded that plaintiff can occasionally climb, balance, kneel, crouch, crawl, and stoop. (*Id.*) The Law Judge determined that although plaintiff's residual functional capacity precluded him from performing his past relevant work as a farm worker[4], he could perform jobs available to him in the national economy.[5] (R. 27-28.) Having concluded there were other jobs available to plaintiff, the Law Judge ultimately found he was not disabled under the Act. (R. 29.)

Plaintiff appealed the Law Judge's May 3, 2006 decision to the Appeals Council, which

---

[3] The Law Judge found that plaintiff has no limitations on standing and walking, sitting, pushing and pulling, and on his capacities for reaching, handling, fingering, feeling, seeing, hearing, and speaking. (R. 20.)

[4] The VE testified that plaintiff's past relevant work was unskilled, heavy exertional work. (R. 312.)

[5] The Law Judge concluded that plaintiff could work as a custodian, light and unskilled; mechanical assembler, light and unskilled; general laborer, light and unskilled; and hand packager, light and unskilled. (R. 28.)

3

found no basis in the record, or in the reasons advanced on appeal, to review the decision. (R. 9-11.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the "Memorandum" filed in support of his motion for summary judgment, plaintiff argues that the Law Judge erred by discounting the uncontroverted opinions of the two examining psychologists, Samuel J. Fletcher, Ph.D. and Karen Russell, Ph.D. (Plaintiff's Memorandum, pp. 24-32.) The undersigned agrees.

Dr. Fletcher evaluated plaintiff on May 26, 2005 and concluded that "[t]he stresses encountered in competitive work frequently will result in confusing him." (R. 188.) After Dr. Russell evaluated plaintiff on January 12, 2006, she opined:

> *[Plaintiff] is not likely able to tolerate the usual stressors encountered in competitive work.* If work was not interpersonally based and he was left alone to perform simple repetitive tasks, he would quite possibly perform independently without too much difficulty; however, if there were interruptions in the work and he was asked to be doing additional activities, he would likely have increasing episodes of anxiety that would then lead to him becoming possibly violent and/or

4

walking off the job.

(R. 212-213 (emphasis added).)

The Law Judge accorded "less weight" to Dr. Fletcher's opinion regarding plaintiff's ability to handle the stressors present in competitive work than to the opinion expressed by Dr. Russell. (R. 27.) The Law Judge conceded that, like Dr. Fletcher, Dr. Russell also found that plaintiff was not likely able to tolerate the usual stressors encountered in competitive work. (R. 27, 188, 217.) However, the Law Judge concluded that when Dr. Russell's finding in this regard was put in context and her report was viewed as a whole, the value of this statement is outweighed by her other findings. (R. 27.)

At the April 19, 2006 hearing before the Law Judge, the vocational expert ("VE") was presented with a hypothetical which included the mental limitations noted by Drs. Russell and Fletcher, and he concluded that there were jobs available to plaintiff in the national economy. (R. 312-314.) However, when the VE was asked to consider that "stressors encountered in competitive work frequently will result in confusing him," he opined that the jobs would *not* be available to plaintiff. (R. 317-318.)

The undersigned finds that the substantial evidence in this case is that "stressors encountered in competitive work frequently will result in confusing [plaintiff]," and the Law Judge's finding to the contrary cannot be supported by the substantial evidence. Moreover, the Commissioner's argument that Dr. Russell's pertinent finding must be discounted because of its context is without merit. Rather, the undersigned concludes that when Dr. Russell's report is viewed as a whole, particularly in combination with Dr. Fletcher's findings, it is clear there is substantial evidence that plaintiff suffers this limitation which impacts his work-related

5

Case 4:06-cv-00039-JLK-BWC   Document 16   Filed 03/02/07   Page 5 of 6   Pageid#: 85

activities. As noted above, when this limitation was included in the hypothetical presented to the VE, he opined that no jobs were available to plaintiff. The Law Judge's finding that plaintiff can perform other jobs available in the national economy is not supported by substantial evidence. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).

Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

March 2, 2007
Date

6

Case 4:06-cv-00039-JLK-BWC    Document 16    Filed 03/02/07    Page 6 of 6    Pageid#: 86